**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

SUSAN V. ALLEN,                                    Civil Action

      Plaintiff,                                    No.  3:16-cv-242

      v.

PACE HEALTHCARE TRANSPORTATION,

      Defendant.                                    JURY TRIAL DEMANDED

**CIVIL COMPLAINT**

**I. Jurisdiction**

1.      The jurisdiction of this Court is invoked pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2617, and 28 U.S.C. §§ 1331 and 1343(a)(4).

**II. The Parties**

2.      Plaintiff Susan V. Allen is an adult individual who resides at 194 Old Hickory Ridge Road, Washington, Pennsylvania 15301.  She is an eligible employee within the meaning of 29 U.S.C. § 2611(2)(A), because she has worked at least 12 months for Defendant, and worked more than 1,250 hours during the period from May 17, 2015 through May 17, 2016.

3.      Defendant Pace Healthcare Transportation is a corporation which, for a fee,  provides health care transportation.   Its place of business is 401 Broad Street, Johnstown, Pennsylvania, 15906.  At all times relevant to this action, Defendant was Ms. Allen's employer and is a Employer within the meaning of 29 U.S.C. § 2611(4)(A)(i) because it employed more than 50 employees during 2015 and 2016.

### III. Factual Background

4.      Allen was employed by Defendant as the Transportation Coordinator, beginning on February 9, 2015.

5.      On May 5, 2016, Allen suffered a medical emergency and was taken from work in an ambulance.

6.      Allen was subsequently diagnosed with a genetic neurological disease, which manifests itself as hemiplegic migraines that resemble stroke symptoms.

7.      This condition limits major life activities, such as brain functioning and thinking.

8.      Allen returned to work on May 16, 2016.

9.      The next day, she suffered another migraine episode and was taken to the hospital from work via ambulance.

10.     Allen discussed her condition and medical leave, including FMLA leave, with her supervisor, William Hipp.

11.     Allen was retroactively approved for FMLA leave from May 5, 2016 through July 29, 2016.

12.     When Allen's return to work date approached, she provided Defendant's Human Resources Department with documentation from her physicians that she could return to work on June 24, 2016, with no restrictions.

13.     Allen did not hear any response, and she called Hipp and asked if she needed to have a "fit for work" physical.  Allen did not hear from him again on this matter until she received a packet in the mail, which included a notation that she needed to provide return to work forms from two physicians, even though she had already done so.

14.     Allen's Primary Care Physician and Neurologist both completed these forms and each indicated that she was able to return to work without any restrictions.  Allen faxed these forms to Defendant on or about August 4, 2016, but did not hear from Defendant.

15.     Allen made repeated phone calls and sent numerous emails asking to be allowed to return to work.

16.     When Allen was finally able to contact Hipp, she was told to return to her doctors and have them complete paperwork documenting that she did not have any restrictions from medications, even though she had already provided this paperwork to Defendant.

17.     Allen emailed Hipp to inform him that her doctors had refused to provide further paperwork because their previous documentation was an accurate reflection of her physical condition, including medications.

18.     Allen has never heard back from Hipp and has not be allowed to return to work. Thus, Allen has been terminated.

## Count I
## Interference with FMLA Rights

19.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 18 as if fully restated herein.

20.     Defendant interfered with, restrained and denied Ms. Allen's  exercise of her rights to FMLA leave by firing her because she took FMLA  leave for her health conditions, in violation of the  FMLA, 29 U.S.C. § 2615(a)(1).

21.     As a direct and proximate result of Defendant's violations of the FMLA, Ms. Allen has suffered and continues to suffer damages, including, but not limited to, lost wages, benefits and seniority.

WHEREFORE, Plaintiff hereby requests judgment, pursuant to 29 U.S.C. § 2617(a), and the following legal and equitable remedies:

a.  Defendant be ordered to employ and re-employ Plaintiff in the position from which she was discharged, together with all benefits incident thereto, including but not limited to, wages, benefits, training, and seniority;

b.  Defendant be required to compensate Plaintiff for full value of wages and benefits that Plaintiff would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest at the prevailing rate thereon until the date Plaintiff is offered re-employment in a position substantially equivalent to the one Plaintiff occupied prior to May 17, 2016;

c.  Defendant be required to provide Plaintiff all other compensation, including but not limited to lost stock options, bonuses, 401 k and profit sharing, which was denied or lost to Plaintiff as a result of Defendant's illegal treatment of Plaintiff;

d.  That a final judgment in favor of Plaintiff and against Defendant be entered for Plaintiff for liquidated damages, as provided by 29 U.S.C. § 2617(a)(1)(A)(iii), in an amount equal to the wages, benefits, and other compensation denied or lost to Plaintiff;

e.  That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the FMLA;

f.  That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney's fee; and

g.  That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II
### Retaliation for Exercising FMLA Rights

22.  Plaintiff incorporates by reference the allegations in paragraphs 1 through 21 as if fully restated herein.

23.  Defendant discharged and retaliated against Ms. Allen  because she took FMLA eligible leave in violation of 29 U.S.C. § 2615(a)(2).

24.     As a direct and proximate result of Defendant's violations of the FMLA, Plaintiff has suffered and continues to suffer damages, including, but not limited to, lost wages, benefits and seniority.

WHEREFORE, Plaintiff hereby requests judgment, pursuant to 29 U.S.C. § 2617(a), and the following legal and equitable remedies:

a.  Defendant be ordered to employ and re-employ Plaintiff in the position from which she was discharged, together with all benefits incident thereto, including but not limited to, wages, benefits, training, and seniority;

b.  Defendant be required to compensate Plaintiff for full value of wages and benefits that Plaintiff would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest at the prevailing rate thereon until the date Plaintiff is offered re-employment in a position substantially equivalent to the one Plaintiff occupied prior to May 17, 2016;

c.  Defendant be required to provide Plaintiff all other compensation, including but not limited to lost stock options, bonuses, 401 k and profit sharing, which was denied or lost to Plaintiff as a result of Defendant's illegal treatment of Plaintiff;

d.  That a final judgment in favor of Plaintiff and against Defendant be entered for Plaintiff for liquidated damages, as provided by 29 U.S.C.§ 2617(a)(1)(A)(iii), in an amount equal to the wages, benefits, and other compensation denied or lost to Plaintiff;

e.  That Defendant be enjoined from discriminating against Plaintiff in any manner that violates the FMLA;

f.  That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney's fee; and

g.  That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted,

**Samuel J. Cordes & Associates**

/S/ Samuel J. Cordes
Samuel J. Cordes
Laura C. Bunting

Pa.I.D. No. 54874 (Cordes)
Pa.I.D. No. 307274 (Bunting)

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 281-7991

Attorneys for Plaintiff